UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

JULES R. FEIFFER,    Chapter 13
                    Case No. 24-60942-pgr

                    Debtor.

APPEARANCES:

| | |
|---|---|
| MAXSEN D. CHAMPION, ESQ.<br>8578 East Genesee Street<br>Fayetteville, NY 13066<br>*Counsel to the Debtor* | MAXSEN D. CHAMPION, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>One Lincoln Center<br>Syracuse, NY 13202-1355<br>*Co-Counsel to the Debtor* | STEPHEN A. DONATO, ESQ. |
| KIRBY AISNER & CURLEY LLP<br>700 Post Road, Suite 237<br>Scarsdale, New York 10583<br>*Counsel for Jennifer Allen* | DAWN KIRBY, ESQ. |
| HERRICK, FEINSTEIN LLP<br>Two Park Avenue<br>New York, New York<br>*Counsel for Neal Fellenbaum* | RACHEL H. GINZBURG, ESQ. |
| MARK W. SWIMELAR,<br>CHAPTER 12 & 13 TRUSTEE<br>250 S. Clinton St., Suite 203<br>Syracuse, NY 13202 | EDWARD FINTEL, ESQ. |

**MEMORANDUM-DECISION AND ORDER**
**GRANTING JENNIFER ALLEN'S MOTION TO DISMISS**

Presently pending is a Motion to Dismiss filed by Jennifer Allen, a creditor and former spouse of Jules R. Feiffer, the above-captioned debtor. (Docket No. 42, 59, 70,

1

98, 100). Neal Fellenbaum, a receiver appointed by the New York State Supreme Court in a matrimonial action between Ms. Allen and Mr. Feiffer, supports Ms. Allen's motion. (Docket No. 71, 99). The motion is opposed by Mr. Feiffer, through his representative Joan Holden, Mr. Feiffer's spouse at the time of his passing, who recently received temporary letters of administration from the New York State Surrogate's Court in and for Otsego County. (Docket No. 68, 72, 93, 101). The Chapter 13 Trustee also opposes dismissal. (Docket No. 65).

This Court heard oral argument on February 25, 2025, in Utica, New York, with counsel for the above-named parties appearing and being heard. Decision was reserved.

For the following reasons, this Court grants Ms. Allen's motion and dismisses this case.

## JURISDICTION

The Court has core jurisdiction over the parties and the subject matter of this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On November 21, 2024, Jules R. Feiffer, by and through his counsel, filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Docket No. 1). Mr. Feiffer filed a Chapter 13 Plan along with his petition. (Docket No. 2). The Plan proposes to pay the Chapter 13 Trustee $300 per month for 60 months, with creditors to be paid 100% from the sale of Mr. Feiffer's artwork. (Docket No. 2).

2

Mr. Feiffer died on January 17, 2025. (Docket No. 101-2).

Ms. Allen moved to dismiss the case on January 20, 2025. (Docket No. 42). She argues that Mr. Feiffer's non-contingent, liquidated, unsecured debts substantially exceed the limit of $465,275 established by section 109 (e) of the Bankruptcy Code for Chapter 13 debtors. In addition, Ms. Allen contends that further administration of the case is not possible due to Mr. Feiffer's death and that dismissal is in the best interests of creditors.

Mr. Feiffer's representative argues that his debts do not exceed the applicable limit because numerous claims, including Ms. Allen's, are contingent and/or unliquidated. Mr. Feiffer's representative also asserts that further administration is both possible and in the best interest of the parties. In the alternative, she requests conversion to Chapter 11.

This Court need not resolve the debt limit dispute because it finds that further administration of the case is neither possible nor in the best interest of the parties.

## DISCUSSION

The Bankruptcy Code does not address the question of what happens when a Chapter 13 debtor dies while their case is pending.

However, Rule 1016 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that the court "may" dismiss a Chapter 13 case upon the death of the debtor or "may" permit it to continue if "further administration is possible and is in the parties' best interests." Fed. R. Bankr. P. 1016.

3

The burden of satisfying Rule 1016 is with the party seeking further administration, which is Mr. Feiffer's representative here. *See In re Ward*, 652 B.R. 250, 256 (Bankr. D.S.C. 2023); *see also In re Hancock*, No. 08-11867-R, 2009 WL 2461167, at *3 (Bankr. N.D. Okla. Aug. 10, 2009)(finding that debtor's counsel "did not establish that it is in the best interests of the parties to 'proceed ... as though the death had not occurred'....").

The question of whether to continue the case under Rule 1016 is fact-specific, within the discretion of the court, and determined on a case-by-case basis even if no creditor objects and/or the Chapter 13 trustee consents. *See Ward*, 652 B.R. at 256; *In re Sanford*, 619 B.R. 380, 393 (Bankr. E.D. Mich. 2020)("Rule 1016 expressly reserves to the Court the discretion to decide whether to continue a chapter 13 case at all or just dismiss it if the debtor dies during the pendency of the case."); *Querner v. Querner* (*In re Querner*), 7 F.3d 1199, 1201 (5th Cir. 1993)("The [bankruptcy] court had discretion under Bankruptcy Rule 1016 to continue the Chapter 13 case after the death of the debtor, and it had exclusive jurisdiction over the debtor's property during the pendency of those proceedings.").

### A. The Possibility of Further Administration

Although Rule 1016 permits "further administration" of a Chapter 13 case after the debtor's death, it does not define what that means.

Courts have reached different conclusions when interpreting and applying the rule. *See Sanford*, 619 B.R. at 388 ("Some [courts] have found that further administration was possible on their particular facts, while others reached the

4

opposite conclusion on their particular facts. The cases have split results but none of them provide a working definition of criteria to determine what further administration means.") (cleaned up).

A significant majority of courts have taken a narrow view when applying Rule 1016, limiting "further administration" to the completion of "incidental acts" and declining to permit a personal representative to perform the substantive duties and/or receive the benefits afforded to Chapter 13 debtors. *See, e.g., Ward*, 652 B.R. at 258; *In re Sizemore*, 645 B.R. 190, 195 (Bankr. D.S.C. 2022); *In re Shepherd*, 490 B.R. 338, 340-43 (Bankr. N.D. Ind. 2013); *In re Goldston*, 627 B.R. 841, 865-66 (Bankr. D.S.C. 2021); *see also In re Martinez*, No. 13-50438-CAG, 2013 WL 6051203, at *1 (Bankr. W.D. Tex. Nov. 15, 2013)("It is not appropriate to substitute a probate estate for a Chapter 13 debtor, nor is there any mechanism in bankruptcy law allowing for this.")(collecting cases).

Under this interpretation, "further administration" following a debtor's death should "only include those administrative or ministerial acts necessary to bring the bankruptcy case through the finish line to allow the debtor's estate to get a discharge." *Ward*, 652 B.R. at 257.

Some of these courts have adopted a bright-line rule limiting "further administration" to cases where a plan proposed by the debtor was confirmed prior to the debtor's death. *See In re Waring*, 555 B.R. 754, 763 (Bankr. D. Colo. 2016)(collecting cases and noting that "the majority of bankruptcy courts…reason that a debtor who dies prior to confirmation of a Chapter 13 plan should be dismissed

5

from the bankruptcy process"); *Martinez*, 2013 WL 6051203, at *1 ("Unfortunately, Debtor's case cannot continue pursuant to [Rule] 1016 because further administration is not possible. In Chapter 13, only the Debtor may propose a plan."); *see also Ward*, 652 B.R. at 260; *In re Navarro*, No. 12-21062PM, 2012 WL 5193743, at *2 (Bankr. D. Md. Oct. 19, 2012); *In re Spiser*, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999); *In re RedWine*, No. 09-84032-JB, 2011 WL 1116783, at *1 (Bankr. N.D. Ga. Mar. 8, 2011).

In terms of decisions in this District, the Honorable Robert E. Littlefield, Jr. observed that "[a]s a practical matter, in most chapter 13 cases, the death of a debtor will result in dismissal of the case because there is no future income from which to fund the debtor's plan," but noted that "[o]ther outcomes … may be possible." *In re Lizzi*, No. 09-10097, 2015 WL 1576513, at *4 (Bankr. N.D.N.Y. Apr. 3, 2015).

Judge Littlefield concluded that one of the permissible "other outcomes" was the granting of a hardship discharge under 11 U.S.C. § 1328 (b), where the debtors had made significant progress toward completing their confirmed Chapter 13 plans prior to death and where discharge was in the best interest of the parties. *Id.* at *6.

Mr. Feiffer's counsel and the Chapter 13 Trustee argue for a more flexible reading of Rule 1016 and point out that Mr. Feiffer's income is not necessary to an effective reorganization, as the sale of his artwork will fund the plan.

Mr. Feiffer's counsel and the Chapter 13 Trustee cite to *In re Wells*, in which the court found "the attempts of bankruptcy courts to create bright-line rules [when

6

applying Rule 1016] inappropriate and unpersuasive." *In re Wells*, 660 B.R. 311, 320 (Bankr. E.D. Wash. 2024). The court cited *Collier on Bankruptcy* to the effect that "if a debtor has proposed a confirmable plan and that plan is still feasible after the death of the debtor, the court may allow the case to continue for the benefit of the debtor's estate." *Id.* (quoting 9 COLLIER ON BANKRUPTCY ¶ 1016.04).

The *Wells* court concluded that continued administration by the deceased debtor's court-appointed personal representative would ensure "just, speedy, and inexpensive" resolution of the case and should therefore be permitted. *See Wells*, 660 B.R. at 321.

Although this Court finds the arguments against rigid rules in this context somewhat persuasive, the issue need not be determined definitively as further administration of this case would not be appropriate even under a broad interpretation of Rule 1016.

Mr. Feiffer died 57 days after this case was filed.

Although a plan was filed before Mr. Feiffer's death, it lacks critical details and cannot be confirmed and consummated in a straightforward fashion. To wit, the Plan is to be funded through the sale of Mr. Feiffer's "artwork," but does not specify which artwork will be sold, how it will be sold, and/or when the sale(s) will take place.

Although the plan proposes full payment to all creditors, numerous claims are disputed, requiring litigation to determine whether, as a threshold matter, Mr.

7

Feiffer was even eligible to be a debtor under Chapter 13 and then, if so, how much contested creditors are due.[1]

Although Mr. Feiffer attended the initially scheduled meeting of creditors required under 11 U.S.C. § 341 on December 23, 2024, it was adjourned for further testimony from Mr. Feiffer, which now, obviously, cannot be obtained.

Although Schedules and a Statement of Financial Affairs were filed with the petition (Docket No. 1), they have already been amended once to add missing assets and creditors (Docket No. 39), and the Schedules, even as amended, list the value of multiple assets, including claims against third parties and the artwork that is the proposed funding source for the plan, as "unknown" (Docket 39, at p. 4–7).

If this Court were to utilize a bright-line approach in applying Rule 1016, dismissal would be required because a plan was not confirmed prior to Mr. Feiffer's death, there is no one authorized under the Bankruptcy Code to propose a new Plan, and the additional actions required to complete this case are considerable, complicated, and contested. *See, e.g., In re Waring*, 555 B.R. 754, 765 (Bankr. D. Colo. 2016) ("Put another way 'further administration' refers to tasks that are more limited than prosecution of the entire Chapter 13 bankruptcy case from the very beginning ...."); *In re Spiser*, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999) ("The term 'further

---

[1] As of this writing, objections to four (4) claims, with combined asserted balances totaling more than $3.6 million, have been lodged on behalf of Mr. Feiffer (Docket No. 85, 87, 89, 91), with each objection likely requiring extensive litigation, fact-finding, and interpretation/application of non-bankruptcy law. In addition, Mr. Feiffer has not filed a tax return since at least 2018 and an amendment is allegedly needed with respect to his 2022 return. (Docket No. 101). An application to authorize retention of tax professionals will be necessary to complete those returns and ascertain the amount owed to the taxing authorities.

administration' implies that the case would be carried to its normal conclusion with payments to the creditors as provided in the confirmed plan….").

In the alternative, even if this Court were to apply a laxer approach, further administration would require stretching the standard beyond appropriate bounds.

Unlike *Wells*, this is not a case that is "99% to the finish line," with a clearly confirmable plan, a well-defined process for liquidating a discrete asset, and parties "well on their way to resolving creditor claims." *In re Wells*, 660 B.R. 311, 319, 321 (Bankr. E.D. Wash. 2024).

Rather, this is a case barely out of the starting gate, with no clear timeline or consensual process for liquidating a loosely defined, likely contested universe of assets, and with extensive litigation looming on numerous critical questions, including the threshold issue of eligibility for Chapter 13 relief, the continued viability/applicability of a marital settlement agreement, and whether the artwork should remain in the custody and control of Mr. Fellenbaum as receiver.

It bears emphasis that, even if one is inclined to conclude that dismissal should not be the presumed default upon a debtor's death (*contra Waring*, 555 B.R. at 764), there are good reasons to find that further administration should be the exception rather than the rule.

The Bankruptcy Code limits Chapter 13 relief to "individual[s] with regular income," 11 U.S.C. § 109 (e), requires those individuals to "appear and submit to examination under oath," 11 U.S.C. § 343, and provides that the authority to file a Chapter 13 plan resides with the "debtor." 11 U.S.C. § 1321.

9

Probate estates lack the power to petition for bankruptcy relief. *See In re Est. of Baer*, No. 23-73607-AST, 2024 WL 234134, at *2 (Bankr. E.D.N.Y. Jan. 19, 2024)("Bankruptcy courts appear to be unanimous that a probate estate is not a 'person' under section 101(41)."); *see also In re W.F.C. Real Est. Tr. No. 1*, 236 B.R. 90, 91 (Bankr. S.D. Fla. 1999).

Although Rule 1016 provides that a Chapter 13 case "may" continue after the post-petition death of the debtor, the Advisory Committee Note that accompanies the Rule explains that "[i]n a chapter 11 reorganization case or chapter 13 individual's debt adjustment case, *the likelihood is that the case will be dismissed.*" *Waring*, 555 B.R. at 761 (emphasis in original)(quoting Fed. R. Bankr. P. 1016 Advisory Committee Note (1983)).

Further, the purposes of bankruptcy relief are generally not served by continuation because the need to seek bankruptcy protection, pay creditors, and obtain a discharge are "personal to the debtor" and do not survive death. *In re Shepherd*, 490 B.R. 338, 341-42 (Bankr. N.D. Ind. 2013)("A debtor who has died has no need of a fresh start, and, where paying creditors is concerned, that can be accomplished through state court probate proceedings.")(internal citations omitted); *see also In re Martinez*, No. 13-50438-CAG, 2013 WL 6051203, at *1 (Bankr. W.D. Tex. Nov. 15, 2013)("[T]he benefits of Chapter 13 are personal to the debtor rather than the debtor's heirs and estate."); *In re Miller*, 526 B.R. 857, 861 (D. Colo. 2014)("The bankruptcy court found, in essence, that granting a discharge to benefit a spouse who is not a party to the bankruptcy proceedings or, possibly, creditors of the

10

probate estate of the debtor, was not proper. In the circumstances of this case, this determination was well within the discretion granted to the court ….").

This is not to say that further administration after a Chapter 13 debtor's death is never permissible; it clearly is under some circumstances.

However, to avoid scenarios in which probate representatives are undertaking extensive activities under authority granted to, and intended for, Chapter 13 debtors, it is necessary to limit further administration to cases in which, even if not quite "99% to the finish line," at least have the end in sight and a relatively clear plan and pathway for reaching the destination.

Here, by contrast, contested, complicated litigation stretches forward as far as the eye can see, with the parties able to proceed, and better suited to proceed, to resolution of these non-bankruptcy issues in probate court. *See Waring*, 555 B.R. at 765 ("The Court also finds that allowing Mrs. Waring to propose a debt adjustment plan for Mr. Waring after his death would effectively, but impermissibly, place this Court into the role of probate court. Having died just 26 days after filing for bankruptcy protection, issues concerning Mr. Waring's estate are best left to the Colorado probate process.").

For the foregoing reasons, this Court finds that no practical or prudent application of Rule 1016 would lead to the conclusion that further administration of this case is an appropriate exercise of discretion and dismissal is, therefore, warranted.

11

### B.     Best Interests of the Parties

In addition and in the alternative, dismissal is appropriate because Mr. Feiffer's representative failed to show that continued administration would be in the parties' best interests. *See In re Ward*, 652 B.R. 250, 260 (Bankr. D. S.C. 2023) ("The elements for further administration under Bankruptcy Rule 1016 are conjunctive such that a party seeking further administration must not only show that such administration is possible, but also that it is in the best interest of the parties.").

All parties agree that Mr. Feiffer was not insolvent at the time of his death and that creditors will eventually receive payment in full (although, as noted above, there are significant disputes as to how much several creditors are due). As such, there is no indication that further administration of this Chapter 13 case will yield a greater recovery for creditors, as they will apparently be paid in full inside or outside of bankruptcy.

Further, as noted above, unlike the situation in *Wells*, the parties are not "well on their way to resolving creditor claims…." *In re Wells*, 660 B.R. 311, 321 (Bankr. E.D. Wash. 2024). The parties have been litigating for years, with no sign of stopping, and numerous legal and factual issues remain outstanding, including the continued applicability of a marital settlement agreement.

Mr. Feiffer's representative failed to establish that further proceedings in this Court would be more efficient and/or less costly in resolving the multitude of outstanding issues than continued litigation in state court. *See In re Goldston*, 627 B.R. 841, 869 (Bankr. D. S.C. 2021)("[W]eighing the interests of Debtor's creditors

12

with those of his heirs, as well as the delay that has already resulted in these proceedings and the unclear time period needed to conclude Debtor's bankruptcy case and the availability of the probate court as a single forum to consider all of the parties' interests, the Court finds that…continued administration is not in the best interest of the parties and dismissal…is appropriate…."); *In re Spiser*, 232 B.R. 669, 674 (Bankr. N.D. Tex. 1999)("Based on the value of the homestead and the total debt stated in the Debtors' schedules, sale of the homestead would yield sufficient funds to pay the deceased Debtors' creditors in full. Thus it appears that it would be in the best interest of the creditors for the case to be dismissed so that the Texas probate court can administer the estates."); *see also generally See In re Est. of Baer*, No. 23-73607-AST, 2024 WL 234134, at *2 (Bankr. E.D.N.Y. Jan. 19, 2024)("Moreover, state probate and surrogate courts have developed 'a comprehensive and specialized machinery for the administration of such estates.' These state courts have the requisite knowledge, skill, and experience to handle the probate of a decedent's estate and are the more appropriate forum for such an administration.")(internal citations omitted).

**C.     Request for Conversion to Chapter 11**

As an alternative to dismissal, Mr. Feiffer's representative requests that she be permitted to convert the case to Chapter 11. This request is denied.

Section 1307(e) of the Code permits any party in interest to request that a case be converted to Chapter 11. However, this provision is limited by § 1307(g), which states: "Notwithstanding any other provision of this section, a case may not be

13

converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."

Who "may be a debtor" under Chapter 11 is defined by § 109(d). Section 109(d) states that "[o]nly a railroad, a person that may be a debtor under chapter 7 of this title..., and an uninsured State member bank, or a corporation organized under section 25A of the Federal Reserve Act...may be a debtor under chapter 11 of this title."

Thus, in order to qualify as a debtor under Chapter 11, the debtor must be a "person."[2] As noted above, a probate estate is not a "person" within the meaning of the Code. *See Baer*, 2024 WL 234134, at *2; *see also In re Est. of Taplin*, 641 B.R. 236, 243 (Bankr. E.D. Cal. 2022) ("As a decedent's estate or probate estate is not a 'person,' no decedent's estate is eligible to be a debtor under any chapter of the Bankruptcy Code."); *In re Goerg*, 844 F.2d 1562, 1566 (11th Cir. 1988)("[W]e conclude that the Code's definition of 'person,' and therefore its definition of "debtor," excludes insolvent decedents' estates.").

Because a decedent's estate is not eligible to file for relief under chapter 11, "it is likewise well-settled that…conversion from one chapter to another is also prohibited." *In re Perkins*, 381 B.R. 530, 533 n.4 (Bankr. S.D. Ill. 2007).

This interpretation aligns with Rule 1016, which provides only two options upon a debtor's death: "the court may dismiss the case" or the case may "be concluded in the same manner...as though the death...had not occurred." Fed. R. Bankr. P. 1016;

---

[2] Pursuant to § 101(41) "[t]he term 'person' includes individual, partnership, and corporation, but does not include governmental unit…."

14

*see also In re Spiser*, 232 B.R. 669, 673 (Bankr. N.D. Tex. 1999) (stating that the term "further administration" implies that the case would continue as a Chapter 13 case, rather than being converted to Chapter 7).

Lastly, even if conversion to Chapter 11 is arguably a permissible aspect of "further administration" under Rule 1016, this Court finds it neither appropriate nor in the best interests of the parties for the reasons set forth above.

## CONCLUSION

For the foregoing reasons, Jennifer Allen's motion (Docket No. 42) is GRANTED and this case is DISMISSED.

Dated: March 28, 2025
Utica, New York

_____
Patrick G. Radel
United States Bankruptcy Judge